This is 518-0220, Hess v. State Auto Insurance Companies. Before we get started, let me say that the third member of this panel is Judge Chatman, who is not able to be here today. She will be a fully participating member of the panel. She will read the briefs and listen to the oral argument as recorded. So it will be important for you to speak up and speak clearly to get on the record. Counsel for the appellant, you may proceed. Good morning, Your Honor. I am pleased to call counsel for the defendant appellant in Whittier Security Insurance Company, Robert Chemmers from Pretzel & Stauffer in Chicago. Reading the online posting of decisions a few weeks ago, I noticed this court had a decision authored by Justice Goldenberg, Barlow v. State Farm, Justice Walsh, you were on that panel, which stacked for the first time a fleet policy. 16 autos were stacked. We sought leave to cite that, even though it opposes my client's position, and it was decided by the same trial judge that stacked the policy limits in this case, Judge Dornberg from Franklin County. That being said, the worst thing for an appellate attorney is to come before a panel and be asked, Counsel, have you led our decision in such and such? Well, of course I did. I met it head on. I sought leave to cite it for the purpose of arguing it to this court, and why it does not apply in this case. Barlow, which was authored by now-retired Justice Goldenberg, involved a symbol or a key or a legend on the declarations page, W. W represented the limit of liability, $250,000 per person. W was stated in front of each of 16 vehicles listed on the policy. The court stated what all the courts state in connection with this issue. We are to consider only reasonable alternative interpretations. The court looked to Bruder, and Bruder said if the limit of liability is stated once, even though if there are multiple vehicles, there is no stacking. Justice Friedman in Bruder said in his hypothetical, the so-called Bruder dicta, that it would not be difficult to find an ambiguity if the limit of liability, if the anti-stacking provision said the most we will pay per person is the limit stated on the declarations. Then you look at the declarations page and the limit of liability for multiple vehicles is stated multiple times. That is inconsistent. That creates the ambiguity. The anti-stacking clause would be trumped by the statement more than once of the limit of liability. That's not this case. In this case, the limit of liability is stated once, and there is no multiple listing, notwithstanding what the plaintiffs contend. Also, this court last year decided another stacking case. Justice Walsh, you authored that opinion in Cherry v. Elephant Insurance Company. There were four vehicles listed on the policy with four separately stated limits of liability. The Bruder hypothetical was applicable there. The declaration page listed two separate limits of liability, but the anti-stacking provision referred only to the limit on the declarations page. Because of the inconsistency, which limit does it refer to? Cherry was four. Barlow was 16. The court also relied on Johnson v. Davis, an earlier stacking decision from this court, where there were four vehicles and four limits of liability. We don't have that in this case. The stacking was incorrectly done in this case. Not even the plaintiffs can sustain the stacking here. Certainly not four times. Maybe, at worst, twice. Meridian's position is not at all. Plaintiffs, in their brief, say there are four ambiguities in the Meridian policy. They contend the limit of liability is stated more than once, the layout of the table of the declarations, listing of U.M. and U.I.M. differently than B.I., and multiple declarations. What the plaintiffs don't do is propose an alternative interpretation of the policy different than, other than, or inconsistent with the sole reasonable interpretation offered by the insurance company. A list of ambiguities does not suggest a reasonable alternative interpretation. Brewer says reasonableness is the key and that there is no room for creative possibilities. Plaintiffs don't even offer a creative possibility. We submit the plaintiffs have waived any argument that the policy has any reasonable alternative interpretation. And I understand Brewer is adapting with respect to the parties. It doesn't stop the court from looking at this, and we want the court to look at this. Look at the plaintiff's brief of that belief. There is no reasonable alternative interpretation offered. By not offering a reasonable alternative interpretation, the plaintiffs are asking the court to act as their advocate and to identify the ambiguity that will cause the court to affirm. They even go so far as page 5 of their brief to state, quote, this court can affirm for any ambiguity or grounds it identifies. There's no authority to ask this court to affirm by identifying an ambiguity, which the plaintiffs have failed to do. We submit that I know ambiguities. The entirety of the plaintiff's argument is a non-sparrow. To sustain the plaintiff's argument would require a finding that either Malinia's interpretation is not reasonable or that there is a reasonable alternative interpretation to create an ambiguity. Plaintiffs don't argue that Malinia's interpretation is unreasonable. They do not present or offer a reasonable alternative interpretation to the court. We argue in our opening brief that there is a clear anti-stacking provision. Plaintiffs offer no response. Anti-stacking provisions have been upheld, even in this court, which has probably more stacking decisions than anti-stacking precludes stacking. Hansen v. Longley from 2010, Booth v. Country Financial from last year, where the judgment was entered for the insurance company, not with the initial decision, but upon rehearing, which is quite unusual for any appellate court. Here, we submit, based on the policy, the limit of liability for only one vehicle applies. There are four vehicles on this policy. There is only one involved in the accident in April of 2015. No interpretation other than a plaintiff cannot add the limit of liability for the other three covered autos listed on the declarations to obtain more coverage and provide it for the auto involved in the accident. The 2006 settlement. Malinia has offered a reasonable interpretation. The declaration clearly provides the maximum limit for all covered autos, $100,000, $300,000, which pursuant to Miller v. House, was already paid. You don't have your opponent litigate the uncompensated coverage. That's been paid. Plaintiffs do not argue, perhaps Mr. Schofield will, but he did argue in his brief that Malinia's interpretation was unreasonable. Regardless of the number of vehicles, the number of claimants, the number of insurers, the numbers of premiums paid, the clause limits the maximum limit of liability to the per-person limit, $100,000. The plaintiffs seem to argue, however, and maybe we'll hear more when Mr. Schofield addresses this court, that the limit of liability listed on the second page of the declarations clearly lets him name the coverage for the accident listed on that page plus the coverage listed for the vehicle in the accident stack. But that only gets us to $200,000, $600,000. That would be stacking $100,000, $300,000 twice, not four times like the trial court did. That argument of multiple declarations or a second page was rejected by the Supreme Court at Hobbs, was rejected by the appellate court in Strickland, and was rejected by a panel of this court in Proffitt v. Long Beacon. In Proffitt, this court rejected an argument that the mere existence of two declarations pages made the amount of coverage ambiguous because a limit of liability was stated on each page. The second district in Strickland had two vehicles, one policy, two declarations pages, and no stacking. Here we have a declarations page that lists three vehicles, including the vehicle in the accident. It is unmistakable the limit of liability is stated once. At the bottom of that declarations page, in capital letters it says, continue on the next page. You go to the next physical page of the declarations, and there's vehicle number four. I believe it's a Kia, and that page states the limit of liability. But it also, interestingly enough, states the uninsured motorist and the uninsured motorist coverage limit. That's not stated on the first page of the declarations. If the first page lists three vehicles, it says U.M. and U.I.M. We're not involved in U.M. and U.I.M. here. However, it's important because the plaintiffs contend that one of the ambiguities in this policy is we did list the B.I. limit, bodily injury limit, similarly to the U.M. and U.I.M. limit. And they contend there's also multiple declarations pages. There are. It's one page, three vehicles. It says continue on the next page. The next physical page lists the fourth vehicle, and then it lists the U.M. and U.I.M. limit, which shows the intent to have a continuum, one page to the next, not two separate pages in the sense of stripping, where there were two vehicles, with a declarations page for each. Bear in mind the Bruder Dicta and the line of cases in this court, Barlow, Johnson v. Davis, Cherry v. Ellicott, all have a common theme. Every stacking case in Illinois has a common theme. The common theme or common thread is the limited liability is stated multiple times on the declarations page. We haven't found a stacking case that didn't have that aspect to it. And yet Hobbs, the Supreme Court in Hobbs, said there is no per se rule that that is, such as the boatline test. There is no per se rule. Multiple listing of limited liability, find a stacking case that doesn't have a multiple listing of the limited liability. That's the essence of stacking, because of the inconsistency between that aspect and the anti-stacking clause. That being said, this policy, in its anti-stacking clause, is the limited liability, the multiple pay is the limited liability stated on the declarations page. On the first declarations page, three vehicles, 100, 300, stated once. It says continued on the next page. Fourth vehicle is listed. 100, 300 is stated. We submit that as a continuum. That is really one declarations page broken into two separate physical pages. Unlike stripling, unlike profit, and unlike any case with multiple declarations. How do you account for the fact that the bodily limits amounts are listed on both pages, but the U.N. limits are only listed once at the end of the second page? Interesting enough, because on the first page, your honor, where it says U.M. U.I.M., it says see below. You see below on that page, there's nothing there other than continued on the next page. You go to the next page, the U.M. U.I.M. is stated. Even if, even if it's quote, let us say, Chairman, we don't buy this. We simply don't buy this. There are two declarations pages. One for three vehicles. It says 100, 300, but once. One for a second vehicle, or for the fourth vehicle, that says 100, 300, once. Well, then you would stack twice. I'm not suggesting that you do, but from an insurer's perspective, stacking twice is certainly better than stacking four times. And you look at the trial judge's decision here, there's no explanation. How do you stack it four times? The four vehicles? It's not that they're not listed four times. The limit is not listed four times. If this court regards the continued motion on the second page as a separate, distinct, stand-alone declaration, then I would submit it would stack twice. We don't buy that. That's not our argument. That, again, that's better than four. Especially if we've already paid the $300,000 to the plaintiff. But a reasonable leader, I don't think it's David Miller or an appellate justice, a reasonable leader looking at this policy would not think that the coverage for any of the vehicles not involved in the accident would somehow apply. Another interesting wrinkle here is the courts in the stacking case has all referred to figuring out the intent of the parties. Well, the insurers are not involved in this case. The three plaintiffs here are not insurers. They're plaintiffs. They're a stranger to this policy, unlike in the UIM context where UIM is being sought by the owner of the vehicle, by the insurer, by the passenger. Different scenario. I'm not saying you don't care about the intent. The plaintiffs have no intent here. As I said, they didn't pay the premium. They don't own the cars. They had the misfortune of being in an accident with the insurer. It's a tragic accident. The concept is slightly different here. Now, the points that the plaintiffs raised, I'll just touch upon it briefly. I touched upon the first one. The second one is the layout of the table on the declaration page. There's no merit to that argument. We speculate no merit. It was rejected in Brewer. The declarations page here is virtually identical to what the Supreme Court said was sufficient and unambiguous in Brewer as well as in Hobbs. We argue Brewer's on point. The plaintiffs have no response to that argument. Instead, the plaintiffs rely on all this as general casualty. 2002 decision from this Court, which in 2005 the Illinois Supreme Court tossed. They expressly overruled Paul as a general casualty. It can't be cited. You can't rely on an overruled decision, especially one from this Court. The plaintiffs offer no analysis why they're entitled to rely on an overruled case, even if they're just pointing to aspects of the decision. The aspects of that decision were rejected by the Supreme Court three years after that decision came down. The third point, or the listed point by the plaintiffs, is the declaration page lists bodily and indifferently than uninsured mortis and uninsured mortis. They offer no authority that that makes any difference. They say that, well, maybe we could have used similar language. That's not the test. The test is, is there a reasonable alternative interpretation that the bodily injury limit of liability may be stacked? They don't offer one. The limit of liability here is $100,000, $300,000 for the Chevy involved in the accident, and that limit may not be stacked regardless of the number of claims, premiums paid, vehicles insured, or claims made. The fourth point is equally as weak to the other three, and that is that there are multiple declarations. The panel of this Court, as I mentioned, in Prophet v. One Beacon rejected a similar argument about multiple declarations pages. Here, there are two certified policies. That the plaintiff's argument with respect to the fact that they have a certified copy for Meridian and that we use the certified copy for Meridian on our counterpoint to declaratory judgment is a non-starter because in page two of their own brief, they state, quote, while there are two versions certified by Meridian, the relevant language appears in both versions, period, clause, quote. So what are they complaining about? They know that there is no contest with respect to what's on the declarations page. They say, well, American Service vs. Moore carries the day. There's no factual similarity between this case and Miller. There's no dispute with respect to the declarations page. Miller supports the proposition that we've urged this Court to adhere to. That is, courts should consider the undisputed policy provisions and the declarations that existed at the time of the accident. At the time of this accident, the declarations page showed four vehicles, three on one page, one on the continuation of that page for a total of four. As in Profit vs. One Beacon, no reasonable reader can reasonably interpret the policy to permit stacking. We suggest to the Court that when it looks at this record and looks at the order entered by Judge Dermbeck with all respect to the trial judge, that for the reasons stated during the argument, the Court found, as stated in his order, the Court found that the policy was ambiguous, construed in favor of the claimants, against the insurer, and that my client had a duty to stack the B.I. limit four times for $400,000, 1.2 million. We submit to the Court that no reasonable review of that ruling can suggest stacking four times. No reasonable review of that ruling would suggest stacking at all, and we would submit to the Court the worst case would be stacking twice, but we're not championing that. We ask the Court to reverse. I will use the rest of my time to recall. Those are the questions. Thank you, Counsel. We'll have an opportunity for rebuttal. Thank you. Please report, Counsel. Jay Schaefer, plaintiff for the assorted estates of Hess and Kieslowski, practiced at Mary Ann Winters, Brewster, Crosby, and Schaefer. And I want to touch briefly here today, in short, on why the trial court should be affirmed. And I want to only very briefly touch on the facts. Mr. Kieslowski, paternal grandfather of Sierra and Meadow Hess from Cessar, comes home, goes to take them to the Cussard stand in Cessar. T.J. Clam driving his mother's car, she's the name that's sure in the policy in question, crosses the center line, hits them head-on, kills the grandfather, kills one of the twin daughters, Sierra, and severely injures Meadow. We request a certified copy of the policy. The insurance carrier provides a certified copy of the policy, along with an affidavit swearing under oath that's the policy as it existed on the day of the accident. Now, everybody can tell by reading it that that's not true, but that's what they swore to. And that's the policy that we had to use to bring this lawsuit. As the court reviews it, they'll see that it's not true, and that when they came along later and they certified a new policy, it doesn't have a lot of the pages in it that the first policy has in it. And one of our arguments down the road that we come to is that the insurance carrier is stuck with that, and under Miller, once they've certified policies that we know aren't the right policy, the plaintiffs can't be punished for that. Now, the real issue here is that, contrary to what Kansas says, there are alternative interpretations suggested. But I would argue that not only is there a reasonable interpretation, it's the only reasonable interpretation, is that the policy has to stack four ways. When Judge Sternbeck asked an open court why, if they didn't intend it to stack a minimum of twice, they would have put separate declarations on separate pages stating separate limits of liability. There's no better answer then in open court at the trial level than there is now. The policy is set up. Actually, it's not that complicated and not that difficult to read. If you look in the record, page 108, that is the notice. It says this is an important notice pertaining to your automobile policy. Please consult the declarations page, singular, for complete details on policy limits and coverages. Now, the big difference between this policy and a lot of the other policies that the court has been asked to construe is that this policy does not say in the column of our arrangement, insurance is provided where premium is stated. There's a lot of case law in analyzing that insurance. There's a million ways to have insurance, and we don't wind up with any coverage, and that's an important distinction. In this policy, it says coverage is provided where premium is stated. So once you've reached, you don't even have to reach the conclusion is there coverage or not. They say so right on their policy. In all caps, right above coverage, it says coverage is provided where premium is shown. Then they have on page one of this declarations page three autos with three premiums for liability. They also have uninsured and uninsured motorist coverage with no premiums and no limits of liability. You turn the page, you have another statement of how much the limits of liability are and what the premium is, and then you come to uninsured and uninsured motorist coverage where it says, as Chris pointed out, I want a single premium. So you're only going to have a single coverage because it says coverage is shown where premium is charged. So for uninsured, you only have a single premium, and you have a single statement of limits for all four vehicles. For liability coverage, which is what we're here today to construe is liability coverage, you have four sets of premiums where coverage is provided where premium is shown and two statements of limits. So ask yourself, what would any reasonable person when they look at this policy say? Well, I've got four cars, and I've been charged four premiums. I also have uninsured coverage where I have four cars, but I'm only charged one premium, and my limit for that one premium is $100,000. So what are my limits of liability going to be where I have four cars, four coverages, and four limits? Well, it would seem to imply that it's $200,000 because I put $100,000 on each page. Could it be $100,000? Well, there's only one premium for uninsured and uninsured, so how could I only have $100,000 if I have four premiums? I think the only liability conclusion is exactly what the trial court concluded. They state the premium four places. They say that there's coverage anywhere premium is stated, and the coverage is listed as $100,000 on consecutive pages. Now, Berger and Barlow, all the cases, the Berger dicta, it's easy to see an ambiguity where the coverage is stated more than once. Here we have a statement that coverage is provided wherever there's a premium, and the limits are stated more than once within the same declaration. They want to tell you that it's not the same declaration because on some consecutive pages, then in the very next argument they want to say, well, it's a continuation of the first declaration and the second one. The reality is there's four cars on two pages, and the limits of liability are restated on multiple times, which is exactly what the Berger dicta says. When the average run-of-the-mill person looks at this policy and tries to figure out how much coverage they have, that's the million-dollar question. How much coverage is there? When you look at this, there's no way that you're going to conclude that you only have $100,000 in liability coverage, no matter how many cars are on here, and that you also have $100,000 in UIN coverage because they're set up totally different. There's no way the average reader could reconcile those two things on the same declaration page. And so the only reasonable conclusion is exactly what the trial judge concluded and stacked it four ways. Obviously, the discussion was had at the trial level about stacking it twice as well, but there's no way to reconcile stacking it twice, in my opinion, because there's four vehicles and four premiums and four coverages. That's how you get to the 1.2. Could they have put in there the exact same way they do for uninsured and say that there's only one limit? Sure. They did it already once. Why couldn't they have done it for a lot of days if that's what they intended? Nowhere does it say, contrary to their argument, that the coverage is only being offered for the vehicle that's involved in the accident or the vehicle that's being driven. They could have said that as well. So I think that a reasonable person looking at the policy can only conclude that there was intended to be four coverages because there's four premiums, and that's what the policy says. And it restates it twice. Now, I don't, quote, incite the whole reliance on the argument. And it says right in the brief that given the facts of the whole are so similar to the facts of the whole, it is important to distinguish that as it was overruled by the Supreme Court. And the distinguishing factor is twofold. One, most importantly, this policy doesn't say insurance is provided where a premium is stated. It says coverage. Coverage is provided. And the next big distinction from Hall is that we have multiple limits of liability stated more than once within the declaration page, which is exactly the verdict. There's no strict restriction against combining consecutive pages of the declarations page. And even though the guidelines and the instructions of this policy are all singular and say refer to the declarations page singular, the reality is that there is more than one page of declarations. I can't reconcile why they changed the language on their affidavits when they certified the second policy. Unquestionably, the policy is a mess with the differences in them and the differences in the number of declarations pages that are in the initial one that came into being after the accident. They could not have existed in the policy as it is certified. So we know that wasn't there. But you don't have to get to that because the way to stack it four ways is there are four cards with multiple statements of, within the declaration, with multiple statements of limits. That's how the trial court, you know, that's the argument that was made to the trial court and that's the argument that the trial court adopted and that's why the trial court's order is so simple and straightforward. I really think that everything else is a rehashing. I don't believe, I do need to touch base. I don't claim to understand it exactly. I certainly don't believe that we have waived any argument. We made the same arguments at the trial court that we're making here today. We certainly point out what the ambiguities are, that it is this format of the declarations page. We point out what the alternative, that we want the trial court's decision to be affirmed and it's the trial court's stacking of the declarations page of the 100,000 for the four vehicles to arrive at 400, 1.2 in coverage is exactly what's been argued, the same argument all along and the same argument we're making here today and I would respectfully contend with all due respect to counsel that waiver shouldn't be an issue here because it's pretty straightforward and pretty straightforward in our brief. The last thing I would point out I think is that if in fact, as counsel says, the page two of the declarations is simply a continuance of the first page, then why do they restate the limits for liability but not for uninsured, uninsured? Because if it's just a continuance, they wouldn't have to redone that. They don't do it for one, they do it for the other. Clearly in and of itself, that's an ambiguity and we would respectfully ask that the trial court or the court affirm the trial court's decision. Thank you. Thank you, counsel. Big bubble? Several points, Your Honors. The facts are tragic but they have nothing to do with the stacking issue. That being said, the argument with respect to the policies, again, is a non-starter because the plaintiff states in their brief, in fact in the statement of facts, page two, the relevant language appears in both versions. So there's no contest as to the policy. The plaintiff's counsel argued to the court that there were four premiums paid. Well, the Supreme Court in Bluter pointed the court to 156 Illinois 2nd at 189, indicated that for years the rule had been that the number of premiums paid was irrelevant to the stacking issue. In other words, the premium rule was created. In fact, they cite Greenholt v. Inland National Insurance. That's at 156 Illinois 2nd, 189. I'm looking at, I argue Greenholt, and I see it was decided in 1980, so I guess that's been around a while. But the number of premiums paid is irrelevant to the stacking issue. So that aspect of his argument is gone. With respect to the language on the declarations page in capital letters, coverage is provided where a premium is shown for the coverage. That, too, has been upheld as clear and not going to stacking. The Supreme Court in Hobbs, and I point the court to 214 Illinois 2nd at 23, had virtually the same language in the Hartford policy that was being considered in Hobbs. And the Supreme Court stated, quote, After setting forth that clause, that the clause does not, under any reasonable reading, contradict the anti-stacking clause. Bear in mind, the essence of these cases is that you cannot ignore the anti-stacking clause. Plaintiffs, throughout their appellee brief and during Mr. Shaffer's argument, have ignored the anti-stacking clause. The anti-stacking clause says the most we'll pay is the limit stated on the declarations. You go to the declarations, the limit is stated once. It's not stated multiple times. It's not stated four times. If it was stated four times in the light of what this court held in Johnson v. Davis, and just last year in Cherry and in Barlow,  it's not stated four times. At worst, it's stated twice. Only if the court regards the second page as a separate declaration. And then this court has to reconcile that ruling with its own decision in Proctor, which held multiple declarations don't indicate an ambiguity. So for all those reasons, also the argument that we just heard about this quote-unquote coverage is provided where a premium is shown for the coverage argument is based on Hall v. General Casualty, the overruled case. That was the argument they made in their appellee brief. But the distinguishing feature of Hall, even though it's overruled, is that instead of the word coverage, it used the word insurance. Insurance is provided where a premium is shown. The Supreme Court in House, when it overruled Hall, said it makes no difference. It doesn't confront with the anti-stacking clause, and no one would read that to suggest stacking should occur. We submit to this court, respectfully, the trial court got it wrong. The trial court should be reversed.  And if the court does, it should enter judgment stacking twice, not four times. What we ask for is that it be reversed with entering judgment for a meridian. Thank you. Any questions? Thank you, counsel. The court will take the matter under advisement and issue its decision in due course.